# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 5:05CV248-3-MU

| | |
|---|---|
| BENJAMIN MAURICE JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| R. DAVID MITCHELL, Supt., Mountain ) | |
| View Corr. Inst. ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1), the State's Motion for Summary Judgment (Document No. 4) and Petitioner's Response to Respondent's Motion for Summary Judgment (Document No. 8.) For the reasons stated herein, the Respondent's Motion for Summary Judgment will be Granted and Petitioner's Petition for Writ of Habeas Corpus will be Denied.

## I. Procedural Background

On July 15, 2002 Petitioner was indicted on the charge of first degree murder. On June 24, 2003, Petitioner appeared before the Honorable Donald Bridges for a plea hearing. The court conducted a lengthy hearing. Under the provisions of the proposed plea agreement, Petitioner was to plead guilty to assault with a deadly weapon inflicting serious injury and the State agreed to dismiss the murder charge. Additionally, as part of the plea agreement, Petitioner was to stipulate to his prior record level calculation points based on a New York state conviction to be treated as a Class 2B felony for sentencing purposes. At the plea hearing, Petitioner expressed reservations about the

1

stipulation and although he ultimately reluctantly agreed to the stipulation, Judge Bridges refused to accept the plea.

On January 22, 2004 Petitioner pled guilty to second-degree murder and was sentenced, pursuant to the plea agreement, to the lowest possible mitigated range sentence of 114-146 months imprisonment for his Class B2 felony at his prior record level II. See N.C.G.S. § 15A-1340.17 (2003). Petitioner did not appeal. Instead, Petitioner filed a motion for appropriate relief ("MAR") in the Superior Court of Caldwell County on December 8, 2004. Honorable Beverly Beal summarily denied Petitioner's MAR on June 20, 2005. Petitioner then filed a petition for certiorari in the North Carolina Court of Appeals on July 13, 2005, which was denied on August 3, 2005. Petitioner filed the instant petition on August 20, 2005 alleging that: (1) that the state committed constitutional error by failing to comply with the terms of the plea agreement in violation of the Fourteenth Amendment; and (2) that his sentence was obtained as a result of ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Analysis

**A. The State Did not Violate the Terms of the Plea Agreement**

Petitioner contends that the State violated the terms of his original plea agreement. To support his contention, petitioner argues that he had previously entered into a plea agreement with a sentence recommendation of 42-60 months, in exchange for his truthful testimony against his co-defendants. Petitioner claims that after his co-defendants pled guilty, the state withdrew his plea agreement even though he had already accepted it.

Petitioner's factual recitation is not completely accurate. Petitioner was offered a plea agreement, prior to the one he ultimately accepted, in which Petitioner agreed to plead guilty to

assault with a deadly weapon inflicting serious injury and the state would dismiss the charge of first degree murder. The recommended sentence under this plea agreement was 42-60 months. At his plea hearing, however, Petitioner wanted some clarification regarding his prior criminal history points. As part of the plea, the government and Petitioner were to stipulate that Petitioner's prior crime committed was New York is substantially equivalent to a class B2 felony under North Carolina law. During his plea hearing, Petitioner reluctantly agreed to this stipulation, however, the Court was not satisfied that Petitioner fully understood the stipulation. Indeed, Petitioner stated "I really don't understand, but that's all. I really don't, I'm gonna tell you, I don't." The Court asked Petitioner what he did not understand and Petitioner responded "[e]verything. I'm gonna take the plea though, Your Honor. I'm gonna accept it, I'm gonna take it." (Transcript at 43.) After a few more questions and some dialogue with counsel, the Court stated: "[a]t this point, notwithstanding the stipulation between the State and the defendant, I just can't feel like I have adequate information to make a determination on this defendant's prior record level. And for that reason, at this point, I'm not going to accept the plea and enter a sentence.[1] That's not to say that I wouldn't do that if you all can show me what the elements are for attempted second degree murder, in the State of New York. I would certainly reconsider that. That's what I see as the stumbling block. It's not the factual basis for this plea in this case that's the stumbling block. (Transcript at 48.)

The record establishes that Petitioner's plea agreement was never accepted by the Court, in part because Petitioner was reluctant to accept the stipulation regarding his prior record level and

---

[1] The transcript reflects that Judge Bridges adjourned the proceedings at one point because of Petitioner's concerns regarding the plea agreement. (Transcript at 18) The court then allowed the Petitioner to come back later in that same day to plead. (Transcript at 19.) However, the record reflects that Petition, although reluctantly willing to stipulate, still did not seem to understand the stipulation in the plea agreement. (Transcript at 43.)

because the prosecutor could not adequately explain to the court what the New York conviction was equivalent to under North Carolina law. See N.C.G.S. § 15A-1023 (2003) (plea agreement not effective until approved of by presiding judge). Indeed, there is no absolute right to have a guilty plea accepted. Lynch v. Overholser, 369 U.S. 705 (1962). Therefore, Judge Bridges was under no obligation to accept the plea. North Carolina v. Alford, 400 U.S. 25, 38 n. 11 (1970) ("A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the Court."); United States v. White, 366 F.3d 291, 302 (4th Cir. 2004) (district court has absolute discretion to refuse to accept a conditional guilty plea); United States v. Muldoon, 931 F.3d 282, 288 (4th Cir. 1991 (district court not required to accept defendant's conditional guilty plea). Once the court refused to accept the plea, the state was under no obligation to keep the original offer open. See Santobello v. New York, 404 U.S. 257 (1971) (prosecution may withdraw plea bargain any time prior to entry of the plea or detrimental reliance)[2] and State v. Collins, 300 N.C. 142 (1980) (same).

Furthermore, Petitioner raised the substance of this argument in his MAR. Judge Beal

---

[2] Petitioner cites this same case for the proposition that when a defendant pleads guilty in reliance on a promise of the state, the due process clause requires that the state either fulfill that promise or allow the defendant to withdraw his plea. While this is an accurate representation of what this case stands for, the factual posture of this case is very different from that in Santobello. In Santobello, the defendant pled guilty and the court accepted the plea. As part of the plea, the prosecutor agreed to make no recommendations as to the sentence. After a series of delays, defendant proceeded to sentencing before a different judge and a different prosecutor recommended that defendant be sentenced the maximum sentence. The court then sentenced defendant to the maximum. The case made its way to the United States Supreme Court which held that where the state failed to keep a commitment concerning a sentencing recommendation on a guilty plea, the case would be remanded to the state courts to determine whether there should be specific performance of the agreement or whether defendant should be permitted to withdraw his guilty plea. In the instant case, the Court never accepted the guilty plea. Once the court refused to accept the plea, in large part based on Petitioner's reluctant agreement to the stipulation in the face of continued representations that he did not understand the stipulation, the prosecution was not obligated to keep the plea agreement open.

5

summarily denied it on its merits. Specifically, Judge Beal made a finding of fact that Petitioner stated several times during the plea hearing that he did not want to stipulate to the prior record level calculation points based on his New York conviction. Judge Beal then made the following conclusion of law: "Judge Bridges was entitled to reject the plea because it specified the sentence to be imposed upon the defendant. The proposed agreement was executory until accepted by the Court." (MAR Order, Ex. 5 to Respondent's Motion for Summary Judgment.) This summary state court adjudication on the merits is consistent with Alford. Therefore, Judge Beal's summary adjudication on the merits did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the Untied States. Petitioner's claim is therefore denied pursuant to 2254(d) and (e).

**B. Ineffective Assistance of Counsel**

Petitioner contends that his counsel was ineffective because he did not inform the Court of the initial plea agreement and did not explain the operation of the North Carolina Structured Sentencing Act.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In the context of a plea, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial.

Fields, 956 F.2d at 1297 quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal citations and quotations omitted). Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

As stated above, with respect to Petitioner's initial plea agreement, Judge Bridges refused to accept Petitioner's original guilty plea, which was within his discretion to do. Once the Court refused to accept the plea, the state was under no obligation to keep the offer open. Petitioner does not articulate what basis his counsel would have for raising the fact that there was a prior plea agreement that was rejected by the Court. Indeed, Petitioner's claim is completely conclusory and can de denied on this basis. Nickerson v. Lee, 971 F.2d 1125, 1146 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim - or for that matter, on any claim - a habeas petition must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") It seems Petitioner is implying that he should have been somehow able to reap the benefit of that prior agreement, however since the Court never accepted the agreement, in part because Petitioner continued to claim that he did not understand a stipulation contained in the agreement, the agreement was no longer viable. Petitioner wanted it both ways: he wanted the crime and the sentencing range included in the prior agreement, but also wanted to be able to challenge his criminal history points. The Court, after a lengthy plea hearing, refused to accept the plea because Petitioner waffled on whether he would stipulate to his criminal history points and then reluctantly agreed but continued to say he did not understand. Under these facts, it was appropriate for the court to refuse to accept

the plea. Once the court rejected the plea, the State was under no obligation to keep the agreement on the table. Petitioner's counsel had no basis upon which to bring the prior plea agreement to the sentencing court's attention. Therefore, Petitioner cannot establish that his counsel was even deficient much less that he was prejudiced by his alleged deficient performance.

Next, Petitioner contends that defense counsel was ineffective for failing to explain to him the operation of the Structured Sentencing Act. First, a review of Petitioner's MAR shows that this claim was not raised before Judge Beal. Because Petitioner was in an adequate position to have raised it in his MAR and indeed raised a different ineffective assistance of counsel claim, it is now procedurally barred under North Carolina's mandatory post-conviction procedural bar statute. See N.C.G.S. § 15A-1419(a)(1) and (b) (2003) (claim shall be denied when defendant was in adequate position to have raised it in prior post-conviction MAR, absent cause and prejudice or fundamental miscarriage of justice. See Rose v. Lee, 252 F.3d 676 (4th Cir) (North Carolina's post-conviction procedural bar statute of § 15A-1419 is now mandatory), cert. denied, 534 U.S. 951 (2001). Petitioner's current assertion is therefore barred from federal habeas review. See Breard v. Pruett, 134 F.3d 615 (4th Cir.) (Procedural default occurs when habeas petition fails to exhaust available state remedies and court to which petition would be required to present his claims in order to meet exhaustion requirement would now find claims procedurally barred.), cert denied, 523 U.S. 371 (1998). The procedural default rule of N.C.G.S. § 15A-1419(a) and (b) is also an adequate and independent state ground precluding federal habeas review. Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Petitioner's ineffective assistance of counsel claim is procedurally barred from federal habeas review because Petitioner was in an adequate

8

position to have raised it in his MAR, but did not do so. See N.C.G.S. § 15A-1419(a)(1) and (b).[3]

## IV. Order

For the foregoing reasons, it is hereby ordered that the Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus is **DENIED AND DISMISSED**.

**SO ORDERED**.

Signed: November 8, 2007

Graham C. Mullen
United States District Judge

---

[3] Even if this claim were not barred from federal habeas review, this claim is conclusory and without merit given that Petitioner's printed transcript of plea form specifically spells out the minimum and maximum time he was to receive under the Structured Sentencing Act. Furthermore, Petitioner swore under oath that he understood the plea agreement and accepted the plea agreement which details the minimum and maximum sentence under the Structured Sentencing Act that Petitioner was facing and which he actually received. Petitioner's conclusory claim does not satisfy either prong of the Strickland test and therefore is without merit.